# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender:   Charlena Gum                                    Docket No.: 4:17CR00578-2 CDP

Name of Sentencing Judicial Officer: The Honorable Catherine D. Perry
                                                Senior United States District Judge

Date of Original Sentence: November 27, 2018

Original Offense: Access Device Fraud

Original Sentence: 3 months imprisonment, to be followed by 3 years supervised release

Type of Supervision: Supervised Release                    Date Supervision Commenced: June 3, 2019
                                                                                                Expiration Date: June 2, 2022

Assistant U.S. Attorney: Jeannette Graviss                    Defense Attorney: David A. Bruns

## PETITIONING THE COURT

[X]    To issue a warrant

The probation officer believes that Gum has violated the following conditions of supervision:

**Violation Number**

Mandatory Condition No. 1: You must not commit another federal, state or local crime.

Mandatory Condition No. 2: You must not unlawfully possess a controlled substance.

**Nature of Noncompliance**

On May 12, 2020, the probation office received notification from a Detective with the Multi-County Narcotics and Violent Crimes Enforcement Unit (MCNVCEU) that an individual, N. B., had overdosed while at Gum's residence.  On May 13, 2020, the undersigned officer spoke with the Detective, who stated that on May 4, 2020, N. B. was at Gum's residence, overdosed, and was transported privately to the hospital.  The Detective advised that N. B. has returned to Gum's residence.  The Detective stated that the MCNVCEU would be responding to Gum's residence later in the week.

According to the MCNVCEU police incident report, on May 15, 2020 the MCNVCEU responded to Gum's residence.  Gum provided consent to search.  The search revealed several baggies with powder residue, which later tested positive for fentanyl, marijuana, and paraphernalia.  One of the baggies was

discovered in Gum's personal handbag; other baggies and paraphernalia were located in common areas of the residence. Regarding the May 4, 2020 overdose incident, Gum informed the Detective that she assisted in taking N. B. to the hospital. Medical first responders were not called to the residence because Gum is on federal probation and they did not want any consequences that would impact her supervision. Gum also informed the Detective that approximately a month or two prior to this incident, another individual, J. B., overdosed at her residence. Gum stated that she was not at the residence during the incident. Gum's daughter transported J. B. to the hospital privately. In addition, Gum informed the Detective that she was aware that her daughter and daughter's friend (who has been living at the residence) have been smoking marijuana. On May 15, 2020, the undersigned officer interviewed Gum relative this incident. Gum denied knowing that any drugs were in her residence, despite the past overdoses that had occurred, or the paraphernalia being located in common areas of the residence. Gum denied being in possession of any drugs and stated that the baggie located in her handbag had residue from over-the-counter pills. Gum admitted to knowing that her daughter and daughter's friend smoke marijuana.

On May 28, 2020, the MCNVCEU arrested Gum at her residence. Gum has been charged with Possession of a Controlled Substance Except 35 Grams or Less of Marijuana/Synthetic Cannabinoid (Class D felony) and Unlawful Possession of Drug Paraphernalia (Class D misdemeanor), under Washington County case number 20WA-CR00377. She is currently in custody at the Washington County Sheriff's Office (WCSO) Jail.

**Violation Number**

Mandatory Condition No. 3: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**Nature of Noncompliance**

On May 28, 2020, the undersigned officer spoke with Gum via phone at the WCSO Jail after she refused to provide a specimen for drug testing, which was requested by the Sheriff. Gum admitted that she has been using Percocet pills that are not prescribed to her, which she has obtained from a "friend." Gum denied obtaining any illegal drugs from her place of employment.

**Violation Number**

Standard Condition No. 5: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Nature of Noncompliance**

On May 13, 2020, during a conversation with the MCNVCEU Detective, the undersigned officer was informed that there were several individuals living at Gum's residence. According to the MCNVCEU

police incident report, on May 15, 2020 the MCNVCEU responded to Gum's residence. Several individuals were located in the residence. Gum admitted to the Detective that one of her daughter's friends had been living at the residence for the past three months. Gum's daughter informed Detectives that N. B. had also been living at the residence. Gum did not notify the probation office of any changes in occupants residing or staying at the residence. On May 15, 2020, Gum was interviewed by the undersigned officer. Gum denied that any of the individuals were residents. Gum stated that that they were friends of her daughter's and were visitors. Gum was instructed to have all individuals other than her daughter vacate the residence immediately.

On May 28, 2020, Gum was arrested at her residence. Upon such, she was located with a male that was at the residence during the May 14, 2020 visit from MCNVCEU, who had been instructed to vacate the residence.

**Violation Number**

Standard Condition No. 7: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Nature of Noncompliance**

On May 30, 2020, the undersigned officer contacted Gum's supervisor at her employment (nursing home). Her supervisor confirmed that Gum was still employed, however, her attendance has been very poor. According to the supervisor, Gum frequently calls in before her shift, doesn't come to work without notice, and reports to work late. The supervisor stated that Gum's employment with them would be terminated the following week.

**Violation Number**

Standard Condition No. 13: You must follow the instructions of the probation officer related to the conditions of supervision.

**Nature of Noncompliance**

On January 28, 2020, Gum informed the undersigned officer that she had been hired for full-time employment as a Nurse's Aide. She provided verification of the job offer. She was instructed to submit her pay stubs when she began receiving them. Gum started working (orientation) on February 5, 2020. On April 20, 2020, she was reminded to send employment verification. She was also instructed to send employment verification on May 15, 2020. Gum has failed to provide any verification of employment.

On May 15, 2020, after Gum's residence was searched by MCNVCEU, the undersigned officer interviewed Gum. Gum was instructed to have all occupants, except for her daughter, vacate the residence immediately. Gum agreed to such. According to the MCNVCEU supplemental police incident report, on May 28, 2020, Gum was arrested at her residence. Upon such, Gum was located with a male that had been staying at the residence and was previously instructed to vacate. Gum could not be interviewed regarding this, as she is currently incarcerated at the WCSO Jail, and this information was received after speaking with Gum during booking.

**Violation Number**

Special Condition: You must pay the financial penalty and restitution in accordance with the Schedule of Payments sheet of the judgment. You must also notify the court of any changes in economic circumstances that might affect the ability to pay this financial order.

**Nature of Noncompliance**

On December 27, 2019, a report was submitted to the Court notifying that Gum had failed to make restitution payments as ordered. Gum's restitution was modified to monthly payments of $50. Gum was informed that once she began working, she would be required to make payments consistent with 10% of her gross earnings, if that amount is greater than $50. Gum made $50 monthly payments in January 2020 and March 2020. No payment was made in February 2020. Due to the Courthouse being closed due to COVID-19, Gum was notified that missed payments during closure could be made up once the Courthouse reopens. Gum has not complied with instructions to submit employment verification to determine whether monthly payments should be greater than $50. Gum's current restitution balance is $15,780.

**Previous Violations**

On December 27, 2019, a report was submitted to the Court requesting a modification of restitution payments to $50 per month. The Court was notified that Gum had failed to obtain employment as instructed, which also caused Gum to fail to make monthly restitution payments as ordered. Restitution payments were reduced by the Court as requested, and Gum was required to attend weekly unemployment workshops at the probation office until employment was secured.

**U.S. Probation Officer Recommendation:** Based on the above-referenced noncompliance, which includes Gum's arrest for Possession of a Controlled Substance Except 35 Grams or Less of Marijuana/Synthetic Cannabinoid, it is respectfully recommended that a warrant be issued and Gum's term of supervised release be revoked.

The Supervised Release should be
    [X]  revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 25, 2020

Approved,

by *[signature]*

Timothy J. Goehring
Supervising U.S. Probation Officer
Date: June 25, 2020

Respectfully submitted,

by *[signature]*

Rebecca Cory
U.S. Probation Officer
Date: June 25, 2020

---

THE COURT ORDERS:

☐    No Action
☒    The Issuance of a Warrant
☐    The Issuance of a Summons
          Appearance Date:
          Appearance Time:
          Courtroom Number:
☐    Other

*[signature]*
Signature of Judicial Officer

June 25, 2020
Date

I:\Supervision\12C\Gum, Charlena 12C 417CR00578-2 CDP 06-25-2020.docx